IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Verne Leslie Watson,<br><br>             Petitioner,<br><br>v.<br><br>Ron Credio, et al.,<br><br>             Respondents. | No. CV-14-2501-PHX-DLR (DKD)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE DOUGLAS L. RAYES, U.S. DISTRICT JUDGE:

      Verne Leslie Watson filed a Petition for Writ of Habeas Corpus on November 12, 2014, challenging his conviction in Maricopa County Superior Court for one count of molestation of a child. His petition argues that his due process rights were denied from various evidentiary rulings at his trial. As explained below, the Court recommends that Watson's petition be denied and dismissed with prejudice.

## BACKGROUND

      On December 12, 2005, at the conclusion of an eight day trial in the Maricopa County Superior Court, a jury found Watson guilty of one count of molestation of a child, a class 2 felony. (Doc. 11, Exs. W, X) Watson moved for a new trial. (Doc. 11, Ex. Y) The Superior Court denied his motion and sentenced Watson to a mitigated term of 15 years. (Doc. 11, Ex. BB) Watson moved to vacate the judgment and, at the conclusion of briefing, the Court denied this motion. (Doc. 11, Exs. CC, DD, EE, FF) Watson

again moved to vacate his judgment, dismiss charges, and restore his civil rights and gun rights; the Court denied his motion.  (Doc. 11, Ex. FF)

Direct Appeal.  Watson timely appealed; his counsel found no arguable issues of law and filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967).  (Doc. 11, Ex. HH)  At Watson's request, the *Anders* brief also included allegations of ineffective assistance of counsel, insufficient evidence, incorrect evidentiary rulings, and legal error for failing to vacate the judgment.  (*Id*.)  On July 10, 2007, the Court of Appeals filed its memorandum decision affirming Watson's conviction and sentence.  (Doc. 11, Ex. II)  Watson moved for reconsideration, and at the conclusion of briefing, the Court of Appeals ordered a modification to one sentence in its memorandum decision on March 17, 2008.  (Doc. 11, Exs. JJ, KK, LL, MM, NN)  Watson did not petition the Arizona Supreme Court for review.  (Doc. 11, Ex. OO)

First Rule 32 Proceeding.  On July 24, 2007, Watson filed a Notice of Post-Conviction Relief.  (Doc. 11, Ex. PP)  On May 22, 2008, Watson, through appointed counsel, filed a Petition for Post-Conviction Relief arguing that the State had failed to disclose material evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).  (Doc. 11, Exs. PP, RR)  At the conclusion of briefing, the Superior Court thoroughly analyzed this argument, found no *Brady* violation occurred, and summarily dismissed Watson's petition on October 15, 2008.  (Doc. 11, Exs. SS, TT, UU)

On November 5, 2008, Watson, through court-appointed counsel, petitioned the Court of Appeals for review.  (Doc. 11, Ex. VV)  The State responded and, on December 30, 2009, the Court of Appeals denied his petition.  (Doc. 11, Exs. WW, XX)  On March 30, 2010, Watson filed a *pro per* petition for review in the Arizona Supreme Court which was denied on July 7, 2010.  (Doc. 11, Exs. YY, ZZ)

Second Rule 32 Proceeding.  On December 21, 2012, Watson, through new counsel, filed a Notice of Post-Conviction Relief in Superior Court which stated that it was filed under Arizona Rules of Criminal Procedure 32.1(f) and (h).  (Doc. 11, Ex. AAA)  On February 25, 2013, Watson, represented by the same counsel, filed a Petition

for Post-Conviction Relief and argued that "no federal claims were presented so the one year clock never effectively began to run. This petition, whether granted or denied, is intended to correct that defect." (Doc 11, Ex. BBB at 4:8-10) The Court concluded that his claims were more appropriately analyzed under Rule 32.1(a) and summarily dismissed his Rule 32 proceeding because he had failed to state a claim for which relief can be granted in an untimely or successive Rule 32 proceeding. (Doc. 11, Ex. CCC) Watson moved for reconsideration, the State responded, and on May 2, 2013, the Court denied his motion. (Doc. 11, Exs. DDD, EEE, FFF, GGG)

On September 13, 2013, Watson, again represented by the same counsel, petitioned the Arizona Court of Appeals for review of the Superior Court's dismissal of his second Rule 32 proceedings. (Doc. 11, Ex. HHH) The State replied and, on March 12, 2015, the Court of Appeals granted review and denied relief. (Doc. 11, Ex. III; 1 CA-CR 13-0661[1]).

<u>Habeas Petition.</u>  On November 12, 2014, Watson, represented by the same counsel as his second Rule 32 proceedings, filed a Writ of Habeas Corpus in this Court. (Doc. 1) His Petition argues that his due process rights were denied from various evidentiary rulings at his trial. Respondents contend that his Petition is untimely and that he is not entitled to equitable tolling. (Doc. 11) This Court agrees and recommends that this Petition be denied and dismissed with prejudice.

**Watson's Petition is Untimely.**

A state prisoner seeking federal habeas relief from a state court conviction is required to file the petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The period of limitations is statutorily tolled during the time in which a "properly filed application for State post-conviction or other

---

[1] As of the date of the Report and Recommendation, it appears that Watson has not petitioned the Arizona Supreme Court for review.

collateral review with respect to the pertinent judgment or claim is pending" in the State courts.  28 U.S.C. § 2244(d)(2).

The Arizona Court of Appeals ordered a modification to its memorandum decision affirming Watson's conviction and sentence on March 17, 2008.  Watson did not petition the Arizona Supreme Court for review.  Thus, Watson's conviction became final on April 21, 2008, the expiration of his time period to petition the Arizona Supreme Court for review of his direct appeal. *Hemmerle v. Schriro*, 495 F.3d 1069, 1073-74 (9th Cir. 2007) ("direct appeal [i]s final upon the expiration of the time for seeking review of the Court of Appeals decision in the Arizona Supreme Court"); *State v. Savage*, 117 Ariz. 535, 573 P.2d 1388 (1978) (applying Arizona Rule of Criminal Procedure 1.3(a)).

Before his conviction became final, Watson filed a Notice for Post-Conviction Relief thereby tolling his period of limitations under Section 2244(d)(2).  *Isley v. Ariz. Dept. of Corrections*, 383 F.3d 1054, 1055-56 (9th Cir. 2004) ("The language and structure of the Arizona post-conviction rules demonstrate that the proceedings begin with the filing of the Notice.").  Watson's tolling continued until his post-conviction proceedings concluded on July 7, 2010, when the Arizona Supreme Court dismissed his petition for review of the trial court's dismissal of his post-conviction proceedings.  *Hemmerle*, 495 F.3d at 1077 (collateral proceedings conclude when the Arizona Supreme Court denied petition for review).  Accordingly, Watson's one year limitations period began on July 8, 2010, and he was required to file his habeas petition in this court by July 8, 2011.

For over two years after the Arizona Supreme Court dismissed his petition for review, Watson did not have any proceedings pending in the State courts or in this Court.  Accordingly, his one year timeframe expired and, once expired, it could not be revived by subsequent filings.  *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005) (no AEDPA tolling from untimely state post-conviction petitions); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed").  His second Rule 32

- 4 -

proceeding was not "properly filed" within the meaning of Section 2244(d)(2) and, therefore, it did not toll the one year limitations bar. *Hemmerle*, 495 F.3d at 1072-73. Therefore, his petition in this Court, filed on November 12, 2014, is untimely.

**Watson is Not Entitled to Equitable Tolling.**

Watson's Petition is untimely unless he can show that he is entitled to equitable tolling. To make such a showing, Watson must demonstrate both that he pursued his rights diligently and that some extraordinary circumstance prevented him from filing his petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Watson's petition does not address the issue of timeliness and does not attempt to meet either prong of this test.

**IT IS THEREFORE RECOMMENDED** that Verne Leslie Watson's petition for writ of habeas corpus be **denied and dismissed with prejudice**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an

order or judgment entered pursuant to the Magistrate Judge's recommendation.  *See* Rule 72, Federal Rules of Civil Procedure.

Dated this 27th day of April, 2015.

_____
David K. Duncan
United States Magistrate Judge