# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Verne Leslie Watson,<br><br>　　　　　　　Petitioner,<br><br>v.<br><br>Ron Credio, et al.,<br><br>　　　　　　　Respondents. | No. CV-14-02501-PHX-DLR<br><br>**ORDER<br>AND<br>DENIAL OF CERTIFICATE OF APPEALABILITY AND IN FORMA PAUPERIS STATUS** |

　　　　Pending before the Court is the Report and Recommendation ("R&R") of Magistrate Judge David K. Duncan, (Doc. 12), regarding Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, (Doc. 1).  The R&R recommends that the Petition be denied and dismissed with prejudice.  The Magistrate Judge advised the parties that they had fourteen days to file objections to the R&R.  (Doc. 12 at 5 (citing 28 U.S.C. § 636(b)).

　　　　The Court has considered the objections and reviewed the R&R de novo.  *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1) (stating that the court must make a de novo determination of those portions of the R&R to which specific objections are made).  The Court agrees with the Magistrate Judge's determinations, accepts the recommended decision within the meaning of Federal Rule of Civil Procedure 72(b), and overrules Petitioner's objections.  *See* 28 U.S.C. § 636(b)(1) (stating that the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate").

1  Petitioner's objection to the R&R argues, without authority, that the Court can ignore the one year period of limitations set forth in 28 U.S.C. § 2244(d)(1)(A), which Petitioner characterizes as "artificial arbitrary and misconstrued rules and deadlines." (Doc. 13 at 4.) Petitioner does not challenge the R&R's finding that the one year limitation period expired on July 8, 2011, more than two years before his Petition was filed. Nor does Petitioner challenge the R&R's finding that he is not entitled to equitable tolling because he failed to demonstrate that he pursued his rights diligently and that some extraordinary circumstance prevented him from filing his petition. (Doc. 12 at 5.) The Court agrees that the Petition is untimely and is not entitled to equitable tolling.

**IT IS THEREFORE ORDERED** that the Report and Recommendation of the Magistrate Judge, (Doc. 12), is **ACCEPTED**.

**IT IS FURTHER ORDERED** that, having considered the issuance of a Certificate of Appealability from the order denying Petitioner's Petition for Writ of Habeas Corpus, a Certificate of Appealability and leave to proceed in forma pauperis on appeal are **DENIED** because dismissal of the Petition is justified by a plain procedural bar.

**IT IS FURTHER ORDERED** that the Clerk of the Court enter judgment denying and dismissing Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, (Doc. 1), with prejudice. The Clerk shall terminate this action.

Dated this 25th day of June, 2015.

_____
Douglas L. Rayes
United States District Judge